## McGEHEE v. BROWN.

A planter who removes with his family to a village in an adjoining parish, for the purpose of having his children instructed at a school in the village, and occupies a house there, but who continues to perform the duties of a citizen of the parish in which his plantation is situated, and manifests, by continuous acts, his intention to retain his domicil there, cannot be sued in the parish to which he had removed with his family, for a merely temporary purpose.

**A**PPEAL from the District Court of East Baton Rouge, *Nicholls*, J. *Elam*, for the appellant. *Brunot*, for the defendant. The judgment of the court (*Rost*, J. absent,) was pronounced by

Slidell, J. The defendant being sued in the District Court for the parish of East Baton Rouge, excepted to the jurisdiction of the court upon the ground that he was domiciled in the parish of Iberville. Two district judges have acted upon the evidence in this case; and on both occasions the exception was sustained. The case might be susceptible of a decision either way, if the testimony on one side only were considered. But looking to the evidence as a whole, we cannot disturb the conclusion of the court below.

It is true that, at the date of the citation, the defendant was present in the parish of East Baton Rouge, occupied a house there, and his wife and children were living with him. He had also been recently elected a vestryman of the church in that parish. But, on the other hand, it appears that, in 1841, he removed from the parish of East Feliciana to Iberville, having purchased a large sugar estate and a commodious dwelling house there; that he dwelt with his family on the estate until about a year before the institution of this suit, when he came with them to East Baton Rouge for the purpose of having his children instructed at a school in the town of Baton Rouge. He continued, however, to give his personal attention to his sugar estate, voted in Iberville, was placed on the venire and served as a juryman there after this suit was brought, and appears to have continuously performed the duties of a resident citizen of the parish, and to have been reputed such, during several years, and down to the trial of this cause. The object of his abode in East Baton Rouge seems to have been solely to have his children at the school, a temporary and contingent purpose, not inconsistent with the intention manifested by the continuous acts of the defendant to retain his domicil in Iberville. *Judgment affirmed.*